# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:06CR117-1

United States of America

v.

Lambert Ray Myers
                                  Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed November 10, 2010, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  The Original Conviction and Sentence

Defendant was sentenced on March 16, 2007, before The Honorable Marcia A. Crone, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of escape from a federal facility, a Class D felony.  This offense carried a statutory maximum imprisonment term of 5 years.  The guideline imprisonment range, based on a total offense level of 4 and a criminal history category of III, was 0 to 6 months.  Defendant was subsequently sentenced to 2 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions: mandatory drug testing; drug aftercare; mental health aftercare; and a $100 special assessment.  This sentence was ordered to run concurrently with the term of imprisonment and supervised release under docket no. 1:03CR24-1.

## II.  The Period of Supervision

On June 23, 2008, defendant completed his period of imprisonment and began service of the supervision term.  While serving this term of supervision, defendant was indicted on November 3, 2010, and charged with committing new federal offenses in this district in cause number 1:10CR70(40).  Defendant pled guilty to Count 3 of a first superseding indictment, possessing 5 grams or more of methamphetamine with intent to distribute, a violation of 21 U.S.C. §841(a)(1).  On May 26, 2011, defendant was sentenced to serve 87 months imprisonment, followed by a 5-year term of supervised release, by the Honorable Ron Clark, U.S. District Judge of the Eastern District of Texas.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on November 10, 2010. The petition alleges that defendant violated the following conditions of release:

| | | |
|---|---|---|
| 1. Mandatory Condition: | | Defendant shall not commit another federal, state, or local crime. |
| 2. Mandatory Condition: | | Defendant shall not illegally possess a controlled substance. |
| 3. Standard Condition: | | Defendant shall not leave the judicial district without permission of the court of probation officer. |
| 4. Standard Condition: | | Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer. |
| 5. Standard Condition: | | Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. |

As grounds, the petition alleges that: 1. On September 6, 2010, defendant was arrested by the Jefferson County Sheriff's office for the offense of possession of a controlled substance. Defendant has since been indicted for this alleged conduct in the Criminal District Court of Jefferson County in cause no 10-10269. Additionally, this conduct serves as a basis for defendant being indicted federally in the United States District Court of the Eastern District of Texas, docket no. 1:10CR70-40. 2. During defendant's September 6, 2010 arrest, defendant is alleged to have possessed at least 4 grams, but less than 200 grams, of methamphetamine. 3. At the time of defendant's September 6, 2010 arrest in

Jefferson County, Texas, defendant was under the supervision of the U.S. Probation office in the Southern District of Texas. According to U.S. Probation Officer Jennifer Slaton, defendant did not have permission to travel outside of the Southern District of Texas on September 6, 2010. 4. The indictment issued in the Eastern District of Texas, docket no 1:10CR70-40, alleges a conspiracy of 40 defendants. 5. Defendant has yet to notify the U.S. Probation Office of his September 6, 2010 arrest.

### IV. Proceedings

On June 22, 2011, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant agreed to plead "true" to the allegation that he violated a mandatory condition of supervised release by committing another federal crime. In exchange for defendant's plea of "true," the government agreed not to proceed with the remaining alleged violations of supervised release conditions. Further, the parties agreed the court should revoke defendant's supervised release and impose 20 months imprisonment, with no term of supervised release thereafter.

At the revocation hearing, defendant pled "true" to the allegation that he violated a mandatory condition of supervised release by committing another federal crime.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class D felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years.

According to Title 18 U.S.C. §3583(g)(1), if a defendant possesses a controlled substance in violation of the conditions set forth in subsection (d), the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3), which is 2 years as stated above.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by committing another federal crime, defendant will be guilty of committing a Grade A violation. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade A violation and a criminal history category of III, the guideline imprisonment range is 18 to 24 months.

According to U.S.S.G § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving,

whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

Defendant pled "true" to the allegation that he violated a mandatory condition of supervised release by committing another federal crime. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). Defendant's violation is a Grade A violation, and defendant's criminal history category is III. Policy guidelines suggest 18 to 24 months imprisonment upon revocation. Defendant has demonstrated an inability to adhere to conditions of supervision. Defendant did not comply with the conditions of his supervision by committing another federal, state, or local crime. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by committing another federal crime, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 20 months to be served concurrently to his sentence of imprisonment for revocation in cause no. 1:03CR24.

4. Defendant's sentence should be served consecutively to his sentence of imprisonment in cause no. 1:10CR70-40.

5. Upon release of imprisonment, defendant should not be placed on supervised release.

6. The court should recommend that defendant be incarcerated in the Bastrop, Texas Federal Correctional Institution of the Federal Bureau of Prisons if deemed appropriate by the Bureau of Prisons.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __22__ day of June, 2011.

_____
Earl S. Hines
United States Magistrate Judge